LASSETER et al. v. BLACKWELL et al. (No. 183–3220.)

(Commission of Appeals of Texas, Section B. Feb. 23, 1921.)

Homestead ⚏32—Designation of land insufficient to impress land as homestead where not actually occupied.

Owners' designation of land as their homestead, combined with user of rents therefrom, was not sufficient to impress the land as a homestead, where the residence actually occupied by them as a home was four miles distant therefrom, since land, to constitute a homestead, must be impressed with the incidents of a home.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Suit by M. E. Lasseter and husband against J. B. Blackwell and others. Judgment for plaintiffs was reversed, and judgment rendered for defendants by the Court of Civil Appeals (203 S. W. 619), and plaintiffs bring error. Judgment of Court of Civil Appeals affirmed.

M. Carter, of Colorado, Tex., and Royall G. Smith, of El Paso, for plaintiffs in error.

Harrison & Miller, of Brownwood, and Shepherd & Sandusky, of Colorado, Tex., for defendants in error.

SADLER, P. J. A very careful review of the reasoning and authorities in support of the decision by the honorable Court of Civil Appeals has led us to the conclusion that the case has been correctly ruled by that court. 203 S. W. 619.

The statement of the case and the discussion of the law applicable is so fully given in the opinion of the appellate court that it is thought advisable only to call attention to a further distinction between the instant case and Baldeschweiler v. Ship, 21 Tex. Civ. App. 80, 50 S. W. 644, and to some additional decisions of the Supreme Court.

In the Ship Case, supra, the parcels bought by Ship were in the purchase impressed with the homestead character. Ship owned a homestead in Bell county, which he sold. He reinvested the proceeds in the property claimed as homestead. The record discloses that in the act of buying the several detached tracts he not only purchased with the intention of acquiring a home upon them, but that he paid for them with funds derived from an established homestead. He moved upon one of the parcels, and began the use of all in the pursuit of that business peculiarly adapted to rural life. In reality the Ship Case presents rather a question of abandonment of a previously impressed homestead than one of primary impressment.

The instant case does not present a parallel to the Ship Case. Lasseter resided in Williamson county at the date of the purchase of the 160 acres. It is not shown that he bought this tract for a home. The evidence is rather to the contrary. He was then occupying about 200 acres of land in Williamson county, which he rented by the year, and upon which he continued to reside until 1906. Whatever homestead rights he held up to this date were necessarily impressed upon his tenancy leasehold. When he moved to Mitchell county, he did not occupy the 160 acres, but took up his temporary residence in the town of Westbrook, and engaged in the mercantile business. He purchased 31 acres adjacent to the town, improved it, and then took up his residence thereon. His use of the 160 acres did not change from that to which it was applied while he resided in Williamson county, except that after moving upon the 31 acres it appears that he had part of the rents from the 160 acres delivered at his home, and used them in connection with the 31-acre tract.

The real inquiry, therefore, is, when, if ever, did the 160 acres in Mitchell county become homestead; that is, when did it partake of the character of a home? The contention of plaintiffs in error is that, having occupied the 31 acres adjacent to the town of Westbrook as a rural home, the subsequent designation of the 191 acres as homestead, together with the continued user of the rents from the 160 acres, carried to the 160-acre tract, four miles distant from the residence, the character of a home, in such manner as to vitalize the intention expressed in the designation. It is conceded that intention, although expressed in writing, is not sufficient to give force to the exemption. Something must be done which causes that intention to attach to the property and give to it the character of a home. It must be impressed with the incidents of a home. We can but agree with the Court of Civil Appeals that the evidence fails to meet the legal requirements in this instance. Under the holdings in Blackburn v. Knight, 81 Tex. 326, 16 S. W. 1075, Medlenka v. Downing, 59 Tex. 32, Crabtree v. Whiteselle, 65 Tex. 111, Brooks v. Chatham, 57 Tex. 31, Blum v. Rogers, 78 Tex. 530, 15 S. W. 115, Iken v. Olenick, 42 Tex. 195, and Autry v. Reasor, 102 Tex. 123, 108 S. W. 1162, 113 S. W. 748, the evidence fails to support the homestead claim of plaintiffs in error to the 160 acres. Under the agreement of counsel made upon the trial,

---

⚏For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

judgment should have been rendered for the defendant in error.

The Court of Civil Appeals having properly disposed of the case, its judgment should be affirmed; and it is so recommended.

PHILLIPS, C. J. The judgment recommended in this case by the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.