**CRENSHAW v. NEWELL.**

No. 14192.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 17, 1941.

Rehearing Denied Feb. 14, 1941.

Cantey, Hanger, McMahon, McKnight & Johnson, and Boykin & Ray, all of Fort Worth, for appellant.

Bryan, Stone, Wade & Agerton and B. G. Mansell, all of Fort Worth, for appellee.

SPEER, Justice.

Appellant, Augusta Reynolds Crenshaw, instituted this suit against appellee, Frances Huffmaster Newell, as an individual and as independent executrix of the alleged last will of A. E. Newell, deceased, to recover title and possession of certain real and personal property, described in the pleadings.

The basis of appellant's suit may be briefly stated to be one allegedly resulting from a contract and agreement made in 1925 between A. E. Newell and his then wife, Augusta Newell, whereby they would each execute a will so that the survivor would take all the property and at his or her death it should pass to appellant. The wills were executed in compliance with the contract. Augusta Newell died testate and A. E. Newell had her will probated. Thereafter A. E. Newell intermarried with appellee and made a subsequent will, in which appellee was named as a principal devisee. That appellant was a niece of Augusta Newell, deceased, and while appellant was an infant the Newells took her into their home and reared her as their own child. Since the death of A. E. Newell, the appellee has filed for probate the said second or subsequent will of A. E. Newell. Appellant and her husband contested the probate of that will, but the contest was denied by the Probate Court and an appeal was perfected to the District Court, where the matter stands undisposed of, at this time.

Pending the probate proceedings, appellant filed this suit for possession and recovery of the property alleged to belong to the former estates of A. E. and Augusta

Newell, both deceased, seeking recovery upon the grounds of the contract made between her foster parents. The basis of recovery sought is similar, in many respects, to the facts involved in Larrabee et al. v. Porter et al., Tex.Civ.App., 166 S.W. 395, writ refused.

The petition discloses that appellant is a feme covert, the wife of E. H. Crenshaw, Jr., but it is alleged that "the said E. H. Crenshaw, Jr., has failed and refused and neglected to bring this suit or join plaintiff herein and she sues alone by authority of the court." Further allegations are made that the property involved belongs to her separate estate.

Appellee filed and urged a plea in abatement to appellant's alleged cause of action in the instant case. The plea sets out the coverture of appellant, that her husband joined her in the previous proceedings contesting the probate of the A. E. Newell will; that the husband is a lawyer, and while not appearing in the probate proceedings as of counsel, yet he aided and counseled in said matters at all proceedings had therein; that likewise he is aiding and counselling with appellant and her attorneys in the present suit, and that appellant's allegations that her husband has failed, refused and neglected to bring this suit or join plaintiff (appellant) herein, are untrue. It is further charged in said plea that E. H. Crenshaw, Jr., by his acts and cooperation with appellant and her counsel, has demonstrated the fact that he is in fact a party with his wife in this cause, and therefore the withholding of his name as a party plaintiff is not in good faith, but is a legal stratagem perpetrated by him with the hope of gaining some legal advantage in behalf of his said wife upon the trial of the cause. Prayer in the plea was, in effect, that the court hear evidence and determine whether or not E. H. Crenshaw, Jr., has in good faith failed and refused to prosecute or join with appellant in the prosecution of this suit.

Upon a hearing of the testimony, the court sustained the plea in abatement, from which order and decree this appeal was perfected. Under the conditions of appellant's petition and the facts, about which there is no material dispute, we believe the trial court committed reversible error in sustaining the plea in abatement.

Article 1983, R.C.S. reads: "The husband may sue either alone or jointly with his wife for the recovery of the separate property of the wife; and, in case he fails or neglects so to do, she may sue alone by authority of the court."

■■ It is a universally recognized rule of law in this State that the husband is a proper party plaintiff and in one sense, a necessary party in an action to recover the wife's separate property. But the wife will not be denied her right of recovery alone upon the grounds that her husband fails or neglects to sue therefor, or that he fails or neglects to join her therein. She may maintain such a suit in her own name by a proper showing that he has so failed and neglected to sue or to join her in such an action. Edwards v. Dismukes, 53 Tex. 605; John v. Battle, 58 Tex. 591; Barmore v. Darragh, Tex.Civ.App., 227 S.W. 522; Hill v. Kelsey, Tex.Civ.App., 89 S.W.2d 1017, writ dismissed; Newell v. State, Tex. Civ.App., 103 S.W.2d 194; Rhodes v. Taliaferro, Tex.Civ.App., 119 S.W.2d 703.

Appellee does not make the point here that the foregoing announcement of the law is not a correct one, but does contend that even though appellant made the necessary allegations to entitle her to prosecute this suit, under the rule announced, her allegations in that respect were untrue; that the husband's declination either to bring the suit or to join her as a party in its prosecution, was done in bad faith on his part, and done to procure what he believed to be an advantage, in being able to testify as a witness upon the trial, not being a party to the action.

The hearing on the plea in abatement was tried to the court. The record indicates that the attorneys for all parties had contemplated making a stipulation of the facts for consideration by the court, but after appellant's counsel had stated what he conceived to be the facts, appellee's counsel stated they desired to make inquiry of the first counsel with a view to further developing the facts, and this was done under agreement that the counsel of whom inquiry was made need not be sworn.

Under the conditions mentioned, appellant's counsel testified, in response to questions from opposing counsel, substantially as follows: that he was called into the will contest case by another attorney and that he dictated the contest for contestants (Mr. and Mrs. Crenshaw), making the husband a party, without consulting either of them; that when they tried the will contest, the husband was present with the wife

in court and participated in the trial. When the attorneys decided to institute the present suit, they asked Crenshaw and wife to come to Fort Worth, Texas, from their home over 300 miles away; Crenshaw and wife were living together as husband and wife at the time and had been for many years prior thereto, and that their marital relation was most pleasant in every respect. E. H. Crenshaw, Jr., (the husband) is a lawyer. At the conference the husband asked counsel (the witness) if it would be necessary for him to join his wife as plaintiff in the contemplated suit; that he did not want to join in the suit unless it was necessary; he didn't want to be a party—he wanted her to run her own business; that she was entitled to do so—it is a matter up to her as to whether she files a suit, she has a little estate and he (the husband) never interfered with her business. The husband left the matter of handling and managing the case to counsel employed. Counsel said he told the husband that whether or not he joined in the suit was up to him, the wife could prosecute it if he failed or neglected to do so or to join her therein; that the husband said he did not want to join in the suit and preferred not to; he was then told that would be all right and it would suit counsel better, because he might be able to use him as a witness; counsel said he knew Mr. Crenshaw had probated Mrs. Newell's will and thought possibly there had been something said at the time that he would remember, although he had not discussed it with Mr. Crenshaw, either then or at any other time. That the husband had cooperated with counsel in preparing the case for trial by interviewing witnesses and doing such things as he had been asked; that he had not discouraged the bringing of the suit by his wife, but had left it solely up to her; that the husband had made several trips from his home in the distant county in company with his wife, in connection with the former trials, and counsel believed he would attend the trial of this case without a subpoena; that he was present at the instant hearing and was expected to come back, if necessary.

Appellee introduced in evidence the pleadings in the will contest, which show that E. H. Crenshaw, Jr., joined his wife as contestant; the appeal bond of the same parties, from an adverse judgment therein, was also introduced.

The final decree in this case was entered as of June 25th, 1940, and in the judgment it is found by the court that at the time the hearing was had, on April 8th, the court heard the pleadings and stipulations and evidence offered, and then announced from the bench that he found that the husband did not, within the contemplation of the statute (Art. 1983), in fact fail, neglect or refuse to join with plaintiff in the institution and prosecution of her suit, and that he would sustain the plea in abatement unless the said E. H. Crenshaw, Jr., joined his wife, the plaintiff herein. The judgment also shows that after the court made said announcement, the plaintiff's counsel asked that no judgment be entered to that effect on that date and that he be given a reasonable time in which to determine what course to pursue; the time was granted and on April 10th, appellant filed her sworn supplemental petition again alleging that her husband still failed, neglected, and refused to join her as a party plaintiff; the judgment shows that the court then considered the supplemental pleading along with the evidence adduced at the hearing on the plea, and recited that he was still of the opinion that the judgment should be as announced by him in the first instance. The decree then concludes by sustaining the plea in abatement and by dismissing the suit.

In many respects, our early laws affecting the rights of married women were peculiar to themselves, but virtually no change has been made since the days of the Republic in the rights of married women to bring and maintain actions to recover their separate property. This is disclosed by the opinion in McIntire v. Chappell, 2 Tex. 378. The court there quoted the law applicable at that time to the same situation involved here; there is no material difference in the language used in the two statutes. In the case last cited the court used this language: "The general rule then being that suit [to recover the effects of the wife] must be brought in the name of the husband alone, or of the husband and wife jointly, the grounds of the exception to the rule which authorize the action to be prosecuted in the name of the wife separately, ought to be positively averred and proven."

It will be observed that the court sustained the plea in abatement upon the theory that the husband did not, within

contemplation of the provisions of Article 1983, R.C.S., fail, neglect and refuse to join with plaintiff (the wife) in the institution and prosecution of the suit. It is evident that from the entire record before us he has in fact failed and neglected either to bring the suit to recover the property claimed by the wife or to join her as a party plaintiff in bringing and prosecuting it. The statute only includes the expressions of "fail" and "neglect", but says nothing about his having "refused" to bring the suit or to join her in an action. If the question rested upon whether or not the husband had refused to bring a suit or to be a party to one to recover the wife's separate property in this case, the evidence adduced would perhaps be susceptible to a construction that he had not in fact refused to become a party. Yet after the court has announced from the bench that he was inclined to sustain the plea unless the husband did join as a party plaintiff, and time was given by the court in which he could determine what course to pursue, the additional pleading was filed by the wife, showing that he still failed, neglected and refused to join. This is somewhat persuasive that he in fact had previously refused to join in the suit. However, we cannot read into Article 1983 another condition not clearly expressed therein; hence when Mrs. Crenshaw established by uncontradicted evidence that her husband had failed and neglected to institute the suit or to join her as a plaintiff therein, she had met the condition of the statute and the construction placed thereon by the Supreme Court in the McIntire v. Chappell case, supra. The facts were indisputably established that E. H. Crenshaw, Jr., failed and neglected either to bring the suit or to join therein; the absence of his name as a party in the pleadings is indication of the fact that he has failed and neglected to sue or join the wife in her suit.

We fail to find any testimony or fact in connection with this suit and the hearing had, which would support a finding that the husband had not failed and neglected to institute the suit or to join the wife in doing so. We have found no case by our courts which holds or intimates that the failure or neglect of the husband must be based upon a good and sufficient reason. We think the effect upon the wife's rights is the same if his failure and neglect are because of good or bad reasons or motives.

If this was not true the wife could be deprived of a right to recover her property because of some unwarranted dereliction on the part of the husband. The statute (Art. 1983) was passed to meet just such a situation, for the wife's protection. This is illustrated by the contention which has here arisen; the court had indicated to the parties that he would dismiss the wife's case unless the husband joins her; the supplemental pleading filed subsequent to that announcement states, under oath of counsel, that he still refused to join, resulting in the abatement of her suit, and thus she would be deprived of a chance to recover what she claims to be her separate property. We know of no way to compel the husband to bring such a suit nor to join her in one, if he wills to do otherwise; it would appear that a potential threat by a district court to dismiss the suit if he did not join her availed her nothing. When such a condition exists, the provisions of Article 1983 become available, and she may assert her rights independently of the husband.

It is argued by appellee's counsel that, and not without some support in the record, the real reason for the husband's failure and neglect to sue or join was to enable him to become a witness upon the trial and possibly testify to matters that he could not relate if he was in fact a party plaintiff. Conceding that this idea was his motivating cause, whether his supposition was correct or not is foreign to the question before us and we express no opinion upon it. We can see no difference for the necessity of applying the statutory provision to the wife's rights, whether the husband's derelictions were prompted by good or bad motives, unless such motives amount to a fraud upon the court.

The point here involved is a new one, insofar as we are able to ascertain. We have been cited to no case in which a court has held that the good or bad faith of the husband in withholding action to recover the wife's estate, or the motive or reason therefor, could be passed upon as determinative of the wife's right to prosecute her own suit in such cases as this.

Obviously, with these things in view, it is said, in Speer's Marital Rights in Texas, 3rd Ed., page 624, section 510: "No definite time is allowed the husband within which to bring the suit. When a cause of action has arisen in favor of the wife, and the husband fails or neglects it, then

she may sue; or if he refuses for any cause."

We think, and so hold, that the evidence was sufficient to support the allegations made that the husband has failed and neglected to join plaintiff in the suit and that there is no evidence of probative value to the contrary. The plea in abatement should have been overruled, and the previous order permitting the wife to prosecute the suit alone permitted to stand, and the cause be tried upon its merits.

For the errors shown, the judgment of the trial court is reversed and the cause remanded for further proceedings not inconsistent herewith. Reversed and remanded.