## DAVIS v. HAWN LUMBER CO. et al.

### No. 13658.

Court of Civil Appeals of Texas. Dallas.

Jan. 11, 1946.

Walter T. Thomason, of Wortham, for appellant.

Sam Holland and P. B. Cox, both of Athens, for appellees.

YOUNG, Justice.

The suit of appellant was in trespass to try title and for damages; defendants answering by general denials and pleas of not guilty. The trial court concluding at close of testimony that no fact issues were presented, accordingly discharged the jury and rendered judgment that plaintiffs take

264

nothing; to which adverse ruling exception was taken and a consequent seasonable appeal.

Plaintiffs below were Annie Harris, widow of Sid Harris, deceased, and Rhodessa Davis, surviving daughter joined pro forma by Jim Davis, her husband, defendants being Hawn Lumber Company, T. F. Murchison and R. T. Wade; and, though not specially pled, it was the obvious contention of petitioners that the trustee's deed dated March 6, 1935, through which the individual defendants claimed title, was void; the lots conveyed therein having constituted the business homestead of Annie and Sid Harris prior to execution of the particular deed of trust. A somewhat detailed chronicle of antecedent events and transactions should be made.

The two lots in question, located in the town of Trinidad, Henderson County, combined footage of some 90 x 100', were acquired by Sid and Annie Harris around 1920 and 1922. A wooden building was then erected on the property where they conducted a business, principally cafe or restaurant, until 1932. Intervening 1944 the premises were rented to various parties for residential purposes, when the adverse purchaser Wade obtained possession.

Also prior to the earlier date (1920) the Harrises owned other tracts of land, viz. 2⅛ acres in the town of Trinidad; two lots adjoining the SE part of said acreage, 150 x 150' in size; and a farm two miles north of town. It was the testimony of Annie Harris that when conducting their cafe business in town and from 1920 to 1929, the family actually lived on the farm.

Chronologically through successive years the following transactions were had affecting these lands: On November 28, 1925, Harris and wife executed a mechanic's lien to Hawn Lumber Company securing a debt of $800, being for construction of two box houses on the 150 x 150' lots (SE corner of said 2⅛ a.). On November 26, 1926, in order to obtain a loan from Federal Land Bank of Houston upon above mentioned farm, Harris and wife executed an instrument designating the 150 x 150' property covered by mechanic's lien (also another lot purchased from G. R. Pierce) as their homestead, the document reciting: "This designation is made in compliance with the provisions of the Statute defining a homestead in city, town or village, and we do hereby declare that we are not making any use of any other lands that would impress such other lands with the homestead character and that the herein described land is now owned, occupied, held and used by us as our homestead, *that we actually reside thereon,* and that our homestead claim does not embrace any other lands." (Italics ours.) The business lots here involved were some one-fourth mile distant from the property described in above quoted homestead designation.

On September 15, 1928, the Harrises executed a deed of trust to A. S. Ford, trustee, reciting that it was in renewal and extension of the original mechanic's lien given to Hawn Lumber Company, above noted, covering the lot 150 x 150'; the 2⅛ acre tract and the business lots in suit, 90 x 100' being for the first time included as additional security. On October 15, 1929, Sid and Annie Harris executed a deed of trust in renewal of the instrument just described upon the same property; and the debt was recited as in principal sum of $2232, payable in monthly installments beginning November 1, 1929. In each of the foregoing deeds of trust, grantors declared said two business lots to be no part of their homestead.

Payment of last named note having defaulted, foreclosure proceedings were consummated on March 6, 1935, T. F. Murchison becoming purchaser, the deed from A. S. Ford, trustee, reciting a consideration of $200. Murchison then conveyed the two business lots to appellee Wade, November 27, 1943, consideration $100 cash and assumption of unpaid taxes.

It is the contention of appellant, in substance, that Sid and Annie Harris had been using and occupying both the farm and the 150 x 150' lot for homestead purposes when, on November 26, 1926, the latter property was lawfully designated by them as their urban residence, which designation drew to it the business lots in question; and the subsequent deed of trust and renewal thereof including as additional security said two business lots was void, as in violation of the constitutional inhibition against a loan of money on homestead property.

Sid Harris died in 1938 and the daughter Rhodessa, born 1915, testified to remembering only that her parents operated a business on the store lots from 1927 to 1929. Of controlling effect therefore is the testimony of Annie Harris, surviving widow, concerning all homestead claims. Her statements relative thereto are thus sum-

marized in appellant's brief: "That in 1920 to 1929 she lived on the farm, and that in 1929 she moved to the town of Trinidad, * * *; that the farm was located two miles north of Trinidad, and that they owned property in the town of Trinidad when they owned the farm, and that they borrowed money on the farm and designated their homestead there (meaning Trinidad) as a homestead, while they were living on the farm, and that they left the farm when the farm was foreclosed; * * * that they operated the business while they lived on the farm"; continuing to operate the business until 1932, living there at the store building from 1929 to 1932.

While our homestead laws are always broadly construed, yet the facts at hand must present a situation of actual homestead before such a construction can be applied. Clearly, the following well settled principles are applicable to appellant's own statement of the case: (1) There can be but one resident homestead at a given time, and if in a city or town, the business homestead is but a part of the one urban unit, Johnston v. Martin, 81 Tex. 18, 16 S.W. 550; Purdy v. Grove, Tex.Civ.App., 35 S.W.2d 1078 (writ ref.); (2) where property is owned and being actually used and occupied for homestead purposes, no designation of other property as a home can effectuate an abandonment of the existing homestead or in any way change its character, Bayless v. Guthrie, Tex.Com. App., 235 S.W. 843; Lincoln v. Bennett, 138 Tex. 56, 156 S.W.2d 504; (3) one owning and occupying a rural homestead in fact cannot at the same time claim an urban business homestead, Swearingen & Garrett v. Bassett, 65 Tex. 267; Williams v. Willis, 84 Tex. 371, 19 S.W. 683; First Nat. Bank of Corsicana v. Zarafonetis, Tex.Civ.App., 15 S.W.2d 155, writ refused. It follows that Sid and Annie Harris, while actually residing on country property owned by them, cannot affix the homestead character to lots in an urban district by merely conducting a business thereon; for, as stated in Jones v. First National Bank, Tex.Com.App., 259 S.W. 157, 159, "It is the place of the homestead that gives character to it, not the business of the head of the family. If it be in the country, it is a rural homestead; if it be in a city, it is an urban residence."

But appellant argues that all parties were satisfied as to the homestead status of the town lots when in 1926 the farm loan was made. Validity of the Land Bank deed of trust is not before us for decision. However, assuming in that transaction a set of facts similar to those reflected here, the following well settled rule would have been pertinent: "The homestead claimant being shown to have been using and occupying the premises, the lien or encumbrance is not sustainable as against the claim of homestead by reason of the fact that the claimant accompanied his disclaimer by a designation of another parcel as being the property in which his homestead right existed." 22 Tex.Jur., sec. 128, p. 184.

Furthermore, at the 1935 foreclosure appellee Murchison was a purchaser for value, as also was the subsequent owner, Wade. Sid and Annie Harris had closed their cafe business in 1932, renting the business lots thereafter; living at time of foreclosure on the 1926 urban designation; having declared in various deeds of trust that said business lots (some distance away) constituted no part of their homestead. No action was taken to cancel the trustee's deed nor notice given to Mr. Murchison at foreclosure sale, or afterwards until a lapse of more than eight years, when the instant suit was filed. Under the circumstances thus presented we adopt appellees' second counter point as a proper conclusion of law: "A purchaser of business property at foreclosure sale under deed of trust, where the same is a segregated tract of land, situated more than one-fourth mile from designated residence homestead, and not being put to any use which would impress it with the homestead character at the time of sale, and without notice of facts which put him on inquiry, acquires title to such property as against an after-asserted claim that such property was a business homestead."

Jim Davis does not join appellant wife in the present appeal, and appellees have filed motion to dismiss on this ground. Said husband was a party to trial pleading and to the adverse judgment under review. From such nonjoinder, a presumption may be indulged that the husband has failed or neglected to continue prosecution of a suit allegedly affecting the wife's separate property. Art. 1983, Vernon's Ann.Civ.St.; Crenshaw v. Newell, Tex.Civ.App., 147 S.W.2d 523, (writ ref.). A right of appeal from final judgments of the nisi prius court is both liberally be-

stowed under the constitution, 3 Tex.Jur., sec. 3, p. 35; and zealously safeguarded by the courts, De Lange v. Ogden, Tex.Civ. App., 106 S.W.2d 385.

No material error appearing, the judgment complained of is affirmed.