### HIX v. DE PHILLIPI et al.

No. 12035.

Court of Civil Appeals of Texas. Galveston.

Dec. 16, 1948.

Rehearing Denied Jan. 13, 1949.

P. Harvey, of Houston, for appellant.

Howard S. Hoover, of Houston, for appellees.

MONTEITH, Chief Justice.

This action was brought by appellant, C. J. Hix, in statutory form of trespass to try title for the recovery from appellees, J. J. DePhillipi, executor of the last will of Mrs. Julia M. DePhillipi Hix, deceased, Edison Leon Paul DePhillipi, the mentally incompetent son of Mrs. Hix, by a former marriage, and Miss Jennie Ibeck, of possession during his natural life of the property designated as the North 50' x 200' of Lot 8, Block 9, Magnolia Park Addition to the City of Houston.

All appellees answered by general denials. Appellee Edison Leon Paul DePhillipi, by his guardian, answered by a general denial and by special plea that appellant had vol-untarily abandoned his homestead in the property in controversy after the death of his wife. After the case was assigned to the 127th District Court for trial and after both appellant and appellees had announced ready, appellant filed a motion for default judgment on the ground that appellees had not included in their answers pleas of not guilty of the injuries complained of in plaintiff's petition.

Appellant's motion for default judgment was overruled by the trial court for the reason stated in the court's order that "Under the rules heretofore promulgated by the District Judges of Harris County for expediting the trial of cases" and under the Rules of Civil Procedure, appellant had waived the right to have said motion heard on its merits by not having had it presented for hearing before the case was assigned for trial.

After appellant's motion for default judgment was overruled, all appellees, under leave of court, filed trial amendments which included pleas of not guilty, and upon appellant's motion to withdraw his announcement of ready, the case was continued.

On September 12, 1947, appellees filed their amended original answers, including pleas of not guilty and general and special denials, and special pleas of abandonment of homestead by appellant.

On the trial of the case, the jury found, in answer to one special issue submitted, that appellant had left his homestead in the property in controversy with the definite fixed intention of abandoning it as his homestead and of never returning to it. Judgment was rendered in favor of appellees in accordance with this verdict.

Appellant assigns error in the action of the trial court in overruling his motion for judgment by default. He contends that the evidence was insufficient to raise the issue of abandonment of his homestead, and that the verdict of the jury shows a disregard of the court's instructions as to the quantum of proof necessary to establish the abandonment of his homestead, and that the verdict was against the overwhelming weight and preponderance of the evidence.

Appellant's contention that the trial court erred in overruling his motion for

judgment by default cannot be sustained. In the case of Butcher et ux. v. Tinkle et al., Tex.Civ.App., 183 S.W.2d 227, w/e ref., it was held that in an action brought to determine the title to land where defendant has pleaded only a general denial, a deed conveying the land to defendant is admissible in evidence. The court further held that regardless of whether such deed was admissible, Rule 66, Texas Rules of Civil Procedure, which provides that if evidence is objected to at the trial of an action on the grounds that it is not within the issues made by the pleadings, or if, during the trial, any defect, fault or omission in a pleading, either of form or substance, is called to the attention of the court, the court may allow the pleading to be amended, and shall do so freely when the presentation of the merits of the action will be subserved thereby. Rule 66 further provides that the court may grant a postponement to allow the objecting party to meet such evidence as was done in this case.

In the case of Carleton v. Dierks et al., Tex.Civ.App., 203 S.W.2d 552, it was held that the filing of a trial amendment is within the sound discretion of the trial court under Rule 66, T.R.C.P.

When the case came on regularly for trial, a jury found upon first hand evidence from witnesses whose credibility and the weight to be given their evidence was determinable by them, that appellant had left the property in controversy with the fixed determination of abandoning it and judgment was rendered in accordance with this verdict.

■■ The courts of this state have uniformly held that Courts of Civil Appeals cannot substitute their findings for findings of the trial court, if there is any evidence in the record to sustain the trial court's findings, (Liedeker v. Grossman, Tex.Sup., 206 S.W.2d 232), and that the Courts of Civil Appeals cannot set aside the judgments of a trial court unless it can be said, as a matter of law, that there was no evidence of a probative nature to support such judgment. Gulf Production Company v. Continental Oil Co., 139 Tex. 183, 132 S.W. 2d 553, 164 S.W.2d 488; Merrell et ux. v.

Timmons et vir, 138 Tex. 250, 158 S.W.2d 278.

■ The evidence in this case presents a state of facts where a surviving husband remarried and voluntarily removed from his homestead in Houston, Texas, to another location in Seabrook, Texas.

The record reflects that, at the time he moved to Seabrook, he removed all of his household goods, personal belongings and business equipment previously used on the homestead, and that he stated to the party, from whom he was leasing at Seabrook, · that he "was leaving", and was going to discontinue operating the business previously conducted on the property in controversy. The record reflects that he and his new wife thereafter spent several thousand dollars repairing and remodeling the place in Seabrook, Texas, which they later sold and removed to Galveston, Texas.

Further, it is undisputed in the record that he did not pay taxes on the homestead, that he made no effort to maintain it, and made no demand at any time for re-entering, or claim thereto.

The property involved is a frame residence with a cafe attached, which was the separate property of Mrs. Julia DePhillipi Hix prior to her marriage to appellant. During the time appellant and his wife occupied the building, Miss Jennie Ibeck and the mentally deficient son of Mrs. Hix by a former marriage, Edison Leon Paul De-Phillipi, occupied the rear apartment. After the death of Mrs. Julia M. DePhillipi Hix, appellant continued to occupy said property until his remarriage in August, 1945. In September, 1945, he removed to Seabrook.

■■ It has been uniformly held that abandonment of a homestead is a question of fact to be determined in each case from the entire evidence before the court or jury, and that in cases of physical absence, the lack of a definite intention not to return and use and occupy such homestead is the controlling fact. Good v. Good, Tex.Civ. App., 293 S.W. 621.

■ In the case of Keller v. Beattie, Tex.Civ.App., 34 S.W. 667, it is held that

when the homestead character has attached to property, to divest it of its character there must not only be abandonment, but there must also be evidenced an intention to not return to the property again. There must be a discontinuance of the use, coupled with an intention not again to use the property as a homestead. Archibald v. Jacobs, 69 Tex. 248, 6 S.W. 177. The removal to another place, or the preparation of another place to live in, might be circumstances to indicate an abandonment of an existing homestead; but they would not, in law, independent of the intention of the parties, constitute such abandonment. Id.

The evidence in this case, we think, supports the judgment of the trial court.

Under the above facts, the judgment of the trial court must be in all things affirmed.