WEST TEXAS STATE BANK OF SNYDER, Texas, Appellant,

v.

C. R. HELMS et ux., Appellees.

No. 3463.

Court of Civil Appeals of Texas.

Eastland.

June 19, 1959.

**48**

Gene L. Dulaney, Snyder, for appellant.

Robert R. Patterson, Snyder, for appellees.

COLLINGS, Justice.

C. R. Helms and wife, Doris Helms, brought suit against West Texas State Bank of Snyder, Texas, to have certain real property in Snyder declared to be their homestead and to cancel an abstract of judgment lien held by the defendant bank against the Helms insofar as said lien applied to such property. The West Texas State Bank answered that the Helms had abandoned the property as a homestead because they had moved away from it with the intention of never returning to occupy it as their home. The trial was before the court without a jury. Judgment was entered for the Helms, declaring the property to be their homestead and cancelling the abstract of judgment lien insofar as it applied to such property. The West Texas State Bank has appealed.

Appellant presents one point of error on appeal, that is, that the court erred in holding the property to be the homestead of appellees. Appellant contends that the undisputed evidence shows that appellees abandoned their homestead by moving away from it "with the intention not to return to occupy it as their homestead". We cannot agree that the evidence is conclusive that the Helms abandoned their homestead. Generally speaking the question of abandonment of a homestead is one of fact to be determined in each case from all the evidence before the court. Hix v. De Phillipi, Tex.Civ.App., 216 S.W.2d 643 (N.R.E.).

It is not questioned that the property involved was occupied and lived on by the Helms as their homestead prior to July, 1958. The evidence shows that at or about that time Helms and his wife moved away from their home in Snyder and went to Albuquerque, New Mexico. Helms testified that the move was not permanent at the time; that he left Snyder because he was unable to get a substantial job at that place and that he had to get some kind of employment, so he and his wife moved to Albuquerque and rented an

apartment in that city where he acquired employment and has since resided.

■ It is held that mere removal from premises occupied as a homestead, even to another state, does not constitute an abandonment so long as no other homestead is acquired and there remains at all times an intention to return and again occupy the property as the family residence. City National Bank of Bryan v. Walker, Tex. Civ.App., 111 S.W.2d 350. It is held that "to effect the legal abandonment of a homestead there must be an intent on the part of the head of the family to permanently abandon and cease to use the property for homestead purposes and such intent must be actually executed by abandonment of the property for such purposes in accordance with the intent", and that the intent to abandon must be a present, definite, and permanent intent to cease to use the property for homestead purposes. Northwestern National Life Insurance Co. v. Griffith, Tex.Civ.App., 97 S.W.2d 710. It is also held that an abandonment is not shown by going away without an intention to return at some particular time, "but by going away with the definite intention never to return at all". Foreman v. Meroney, 62 Tex. 723; Aultman & Co. v. Allen, 12 Tex.Civ.App. 227, 33 S.W. 679; Long Bell Lumber Co. v. Miller, Tex.Civ.App., 240 S.W.2d 405. The evidence does not conclusively show that the Helms ever had a present, definite and permanent intent to cease the use of the property as a homestead until the time of the sale.

Helms and his wife testified that they decided to sell their home in Snyder and placed it in the hands of a real estate agent for sale, but that it was not their intention to abandon the property as a homestead. It is held that an offer to sell or even an executory contract to sell a homestead does not as a matter of law deprive it of its homestead character. Dunlap v. English, Tex.Civ.App., 230 S.W. 829; O'Fiel v. Janes, Tex.Civ.App., 220 S.W. 371. On the contrary it is held that a homestead conveyed by the owners continues to be such unless it is voluntarily abandoned before the deed is executed or the owners have acquired another homestead. Cockerell v. Callaham, Tex.Civ.App., 257 S.W. 316; Alley v. Barnes, Tex.Civ.App., 231 S.W.2d 990. The Helms left their furniture in their home in Snyder until some time in October of 1958 when it became reasonably certain that a sale would be made. They admitted on cross-examination that after they moved away from Snyder and sold the house they didn't have any intention of ever moving back into that particular house, but they also stated that until the sale was made they considered it as their home and that they could come back to it any time they wanted to. There was evidence of efforts on the part of the Helms to sell their home as early as May, 1958, and that they were at all times thereafter until the time of the sale attempting to realize something from their equity in the property.

The evidence in our opinion does not establish as a matter of law an intention on the part of the Helms to abandon their homestead. Helms left his home because he could not find work in Snyder. There was no conclusive evidence of a fixed intention to never return to the Snyder property as a home until the time of the sale. The evidence at most raises a fact issue on the question and the court decided that issue adversely to appellant. R. B. Spencer & Co. v. Green, Tex.Civ.App., 203 S.W.2d 957.

The judgment of the trial court is affirmed.