**Blanch D. DAY, Appellant,**

v.

**Ralph DAY et al., Appellees.**

**No. 11552.**

Court of Civil Appeals of Texas.

Austin.

Nov. 22, 1967.

Rehearing Denied Dec. 13, 1967.

Russell G. Ferguson, Austin, for appellant.

McKay & Avery, Michael A. Wash, Austin, for appellees.

HUGHES, Justice.

This suit was brought by Blanch D. Day, appellant, as the surviving wife of Vernon Day against Ralph Day, Carl Day, Rudolph Day and Earl Day, brothers of Vernon Day, Hazel Harris, a sister, and Harry T. Wilson, surviving husband of Louise Wilson, a sister (through adoption) who died after the death of Vernon Day, for partition of realty located in Austin, Travis County, Texas, consisting of a residence and two lots on which it was located. The value of the property was alleged to be $7,640.00.

It was further alleged that Vernon Day died intestate and that no administration was necessary on his estate; that appellant and Vernon Day had occupied the property as their home from the date of their marriage until the death of Vernon Day, October 31, 1964; that appellant continued to occupy the property until February 4, 1965, when she vacated the property.

Appellant also alleged that the property was incapable of partition in kind, that she owned an undivided one half interest in the property and a life estate in the other one half interest and that each of appellees owned an undivided one twelfth ($\frac{1}{12}$) interest in the property subject to her life estate.

Appellant alleged that improvements to the property from community funds of her and Vernon Day had been made and she

was entitled to a charge in her favor for such improvements.

The prayer of her petition was for sale of the property and for partition of the proceeds after allowing her credit for the value of the improvements and of her life estate.

A general denial was filed by Hazel Harris, Carl, Rudolph and Earl Day. The other defendants, although duly served with process, did not answer.

Trial was to the court without a jury. Judgment was rendered that appellant take nothing by her suit, the court finding that she "has failed to prove a prima facie case for partition of" the property described.

We are at a loss to understand the finding of the trial court that appellant failed to make a prima facie case. We have studiously read the statement of facts and the evidence is uncontradicted that appellant and Vernon Day had been married and had lived together on the property in suit for about twenty five years. Also, uncontradicted is the relationship of the parties and their ownership of the property in the proportions above stated. That the property is incapable of partition in kind among the owners is obvious.

■ We sustain appellant's point that this finding of the trial court was against the great weight and preponderance of the evidence.

■ The right of cotenants to recover for improvements made to the jointly owned property and the duty of the court to adjust equities in a partition suit is well established. See Partition, Tex.Jur.2d, particularly Secs. 30–33.

■ Appellant attempted to prove these matters but she was dissuaded by rulings of the court. She should be permitted to develop this phase of the case.

■ With reference to the possessory homestead rights of appellant, the evidence

is not adequate to find, as a matter of law, that she has not abandoned her homestead rights. An issue of fact is usually presented when this question is raised. See 28 Tex. Jur.2d, Homesteads Sec. 139.

■ If the pleadings of appellant are too general as to improvements and charges for which appellant desires proper credit, then appellees should except to such pleadings and secure rulings of the court. Appellees did not except to appellant's Petition. It is too late to make objections to the testimony on such grounds on the trial. Rule 90, Texas Rules of Civil Procedure. See Pleading, Tex.Jur.2d, Secs. 186 and 288.

We will briefly discuss other matters which may arise on retrial.

■ Pedigree, family relationships, including marriage, may be established by hearsay evidence such as declarations of a deceased member of the family. See Evidence, Tex.Jur.2d, Sec. 644. The declarations of Vernon Day, written or oral, are admissible on matters of family history including the issue of his marriage to appellant if testified to by a competent witness or contained in a properly authenticated document. The income tax return of Vernon Day showing it to have been a joint return of him and appellant as his wife is admissible to such extent on the issue of their marriage.

■ Appellant should be permitted to testify that she draws a Veteran's pension from the United States government as the widow of Vernon Day. This is not a transaction with the decedent Vernon Day within Art. 3716, Vernon's Ann.Tex.Civ.St. Vernon Day could not dispute this fact from his own personal knowledge. This is the test. Dakoff v. National Bank of Commerce, Tex.Civ.App., Dallas, 254 S.W. 2d 550, writ ref. The same ruling should apply to Social Security payments.

Other questions presented should not arise on retrial and we forego a discussion of them.

Not briefed but a question which may arise is the competency of appellant to testify to her marriage with Vernon Day. If proper objection is made to such testimony, it is inadmissible. Art. 3716, supra, Edelstein v. Brown, 100 Tex. 403, 100 S.W. 129.

The judgment of the trial court is reversed and this cause is remanded.

Reversed and remanded.