Thomas v. Thomas 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00271-CV







Diana Jane Thomas, Appellant



v.



Michael Thomas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. 94-11155, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING






 Michael Thomas, appellee, sued his ex-wife, appellant Diana Jane Thomas, for
slander of title after she filed a judgment lien against property he owned in Travis County. The
trial court granted summary judgment declaring that certain Travis County property owned by
Michael was his homestead, such that the judgment lien filed by Diana did not attach to the
property. On appeal, Diana contends that the summary-judgment evidence was insufficient to
establish as a matter of law that the Travis County property was Michael's homestead. We will
reverse the summary judgment and remand the cause to the trial court.


Factual and Procedural Background


 Michael and Diana were divorced in 1989. At the time of their divorce, they lived
in a house in Mexia, Limestone County, Texas (the "Mexia residence"). Michael, an attorney,
retained the Mexia residence as his home after the divorce. In 1990 Michael purchased a
residence in Lakeway, Travis County, Texas (the "Lakeway residence"), located approximately
150 miles from Mexia. In November 1990 the Resolution Trust Corporation, as receiver for
Southwest Federal Savings Association, foreclosed its purchase-money mortgage on the Mexia
residence. Michael, however, claims the foreclosure was invalid and has continued to live in the
Mexia residence at least part of the time. Southwest Federal Savings has filed suit against Michael
to obtain possession of the Mexia residence. Michael has counterclaimed, asserting the invalidity
of the foreclosure. At the time the trial court rendered summary judgment in the present case,
the Southwest Federal Savings suit was still pending. In November 1991 Michael filed a
"designation of homestead" for the Lakeway residence pursuant to section 41.005 of the Texas
Property Code. (1)

 In 1992 Diana obtained a $68,000 judgment against Michael in a suit involving
issues related to their divorce settlement. After that judgment became final, Diana filed an
abstract of judgment in Travis County, thereby placing a lien on all of Michael's property located
in Travis County. After Diana refused to sign a partial release of judgment lien, Michael brought
this suit to clear his title to the Lakeway residence. Michael contends that the Lakeway residence
is his homestead and, therefore, is exempt from Diana's claim.

 In his motion for summary judgment, Michael argued that the summary-judgment
evidence conclusively established the requisite intent and usage of the Lakeway residence to make
it his homestead. As his sole support for this contention, Michael submitted an affidavit in which
he averred that: (1) since May 1990 he has "used the [Lakeway residence] as a home for myself
and my family" and has spent "the majority" of his time there; (2) he designated the Lakeway
residence as his homestead in November 1991; (3) he has not claimed any homestead interest in
the Mexia residence since November 1990; and (4) in November 1990 the Resolution Trust
Corporation, as receiver for Southwest Federal Savings, foreclosed on the Mexia residence, as
a result of which he is no longer the "record title holder" of that property. Michael also stated
in his affidavit, however, that Southwest Federal Savings' suit for possession of the Mexia
residence is still pending and that he still resides at that residence "when I am in Limestone
County." The affidavit gives no indication what amount of time Michael spends at the Mexia
residence.

 In response to Michael's motion for summary judgment, Diana submitted copies
of the entire court record from the lawsuit, pending in Limestone County, in which Southwest
Federal Savings sued Michael to obtain possession of the property on which the Mexia residence
is located. These documents reflect that (1) Michael's business address is the law firm of Martin
& Thomas, 209 E. Palestine St., P.O. Box 334, Mexia, Texas 76667; (2) Michael denies
Southwest Savings' right to possession of the Mexia residence; (3) Michael alleges in a
counterclaim that Southwest Savings "wrongfully foreclosed upon" the Mexia residence; (4)
Michael alleges in the same counterclaim that he is "a resident of Limestone County, Texas"; and
(5) Michael's pleadings make no mention of his having a residence in Lakeway or Travis County. 
The foregoing documents were filed in June 1991, after the Lakeway residence had been
purchased and allegedly established as Michael's home. Thus, Michael's pleadings in the
Southwest Savings case imply that his business and residence homesteads are in Limestone
County, and that Southwest Savings' deed to the Mexia residence is not valid. Nonetheless, on
the basis of Michael's affidavit, the trial court granted summary judgment declaring the Lakeway
residence to be Michael's homestead.


Discussion


 The standards for reviewing a summary judgment are well established: (1) The
movant for summary judgment has the burden of showing that there is no genuine issue of
material fact and that it is entitled to judgment as a matter of law; (2) In deciding whether there
is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) Every reasonable inference must be indulged in favor of the
non-movant and any doubts resolved in its favor. Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548-49 (Tex. 1985). The function of summary judgment is not to deprive litigants
of the right to trial by jury, but to eliminate patently unmeritorious claims and defenses. 
Gulbenkian v. Penn, 252 S.W.2d 929, 931 (Tex. 1952).

 In her first point of error, Diana argues that Michael failed to meet his burden of
conclusively establishing the Lakeway residence as his homestead. As the movant for summary
judgment, Michael had the burden of proving as a matter of law that he had the requisite usage
and intent necessary to reassign to the Lakeway residence the status of homestead previously held
by the Mexia residence.

 A property owner may have multiple residences, but there can be only one
homestead. See Silvers v. Welch, 91 S.W.2d 686, 687 (Tex. 1936); Wootton v. Jones, 286 S.W.
680, 687 (Tex. Civ. App.Austin 1924, writ dism'd). Where no change from one homestead to
another is involved, determining whether a residence qualifies as a homestead simply requires
evidence of a present intent to use a dwelling as a primary residence, coupled with some overt act
evidencing this intention. See Cheswick v. Freeman, 287 S.W.2d 171, 173 (Tex. 1956). 
Significantly, however, where a debtor has already established a homestead, as Michael had with
the Mexia residence in this case, proper reassignment is necessary to effectuate a change of
homestead status from one residence to another. It has been held that, in order to reassign the
homestead status from one residence to another, the property owner must abandon the existing
homestead: "Abandonment of property actually homestead cannot be accomplished by mere
intention. There must be a discontinuance of the use, coupled with an intention not again to use
as a home, to constitute abandonment; and without an abandonment of an existing homestead, no
right can exist to fix that character to another property, unless it be by way of addition to the
existing homestead." Bass v. Ware, 203 S.W.2d 1001, 1002 (Tex. Civ. App.Waco 1947, writ
ref'd n.r.e.) (quoting Archibald v. Jacobs, 6 S.W. 177, 178-79 (Tex. 1887)); accord Bayless v.
Guthrie, 235 S.W. 843, 845 (Tex. Comm'n App. 1921, judgm't adopted); McFarland v.
Rousseau, 667 S.W.2d 929, 931 (Tex. App.Corpus Christi 1984, no writ).

 Since there must be an actual cessation of the use of the property as a
homestead before it can be abandoned as such, and since no new homestead can
be acquired until the old one has been abandoned, it follows that there must be an
actual cessation of the use of the old homestead, as such, before a new one can be
acquired. Thus, where an issue arises as to which of the two places is the
homestead, if it be made to appear that the use and occupancy of the old homestead
has not ceased, this will determine that it is the homestead.



William H. Nunn, The Texas Homestead and Other Exemptions 173 (1931). The summary-judgment evidence in the present case does not conclusively show that Michael had abandoned the
Mexia residence as his homestead. (2)

 Moreover, "[a] summary judgment may be based on the uncontroverted affidavit
of an interested witness if the evidence is clear, positive, direct, otherwise credible, free from
contradictions and inconsistencies, and could have been readily controverted." Republic Nat'l
Leasing Corp. v. Schindler, 717 S.W.2d 606, 607 (Tex. 1986); see also Tex. R. Civ. P. 166a(c). 
Thus, even if averments are not formally controverted by the nonmovant, evidence from an
interested witness may form the basis of a summary judgment only if it satisfies the foregoing test. 
In the present case, Michael appears to have made conflicting statements as to his true place of
residence. We conclude, therefore, that as to the issue of abandonment of the Mexia residence
as his homestead, the evidence in Michael's affidavit is not "clear, positive, direct, otherwise
credible, [and] free from contradictions and inconsistencies."

 Nonetheless, Michael asserts that his filing of an "application for residential
homestead exemption" represents a proper homestead designation and is controlling as to which
of the two residences is his homestead. We disagree. The filing of a designation of homestead
is relevant only to the issue of intent. Even assuming that such a designation is conclusive on that
issue, it does not eliminate the element of usage, either generally or as part of the requirement for
changing a homestead from one residence to another. See Caulley v. Caulley, 806 S.W.2d 795,
797 (Tex. 1991); Lasseter v. Blackwell, 227 S.W. 944, 944 (Tex. Comm'n App. 1921, judgm't
adopted); Davis v. Hawn Lumber Co., 193 S.W.2d 263, 265 (Tex. Civ. App.Dallas 1946, no
writ); Connelly v. Johnson, 259 S.W. 634, 636 (Tex. Civ. App.San Antonio 1924, no writ). 
"Many counties have a procedure for declaring property a residential homestead; this results in
lower taxes. This declaration may be evidence of the homeowner's intention, but does not
conclusively establish homestead status." J. Thomas Oldham, Texas Homestead Law 40 (1991).

 The cases relied on by Michael, which hold that a homeowner can be bound by a
homestead designation, involve the issue of estoppel. See Parrish v. Hawes, 66 S.W. 209, 211
(Tex. 1902); American State Bank & Trust Co. v. Johnston, 58 S.W.2d 880, 882 (Tex. Civ.
App.San Antonio 1933, writ ref'd). Since estoppel is not an issue in the present case, such cases
are inapplicable.




Conclusion


 We hold that Michael has not conclusively established the Lakeway residence to
be his homestead. In light of this holding, Diana's other points of error need not be addressed. 
We reverse the trial court's judgment and remand the cause to that court for further proceedings.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and B. A. Smith

Reversed and Remanded

Filed: December 20, 1995

Do Not Publish
1.   The applicable provisions of section 41.005 state:


(a) If a rural homestead of a family is part of one or more parcels containing
a total of more than 200 acres, the head of the family and, if married, that
person's spouse may voluntarily designate not more than 200 acres of the
property as the homestead. If a rural homestead of a single adult person, not
otherwise entitled to a homestead, is part of one or more parcels containing a
total of more than 100 acres, the person may voluntarily designate not more
than 100 acres of the property as the homestead.


(b) If an urban homestead of a family, or an urban homestead of a single
adult person not otherwise entitled to a homestead, is part of one or more lots
containing a total of more than one acre, the head of the family and, if
married, that person's spouse or the single adult person, as applicable, may
voluntarily designate not more than one acre of the property as the
homestead.


Tex. Prop. Code Ann. § 41.005(a), (b) (West Supp. 1996).
2.   We note that Texas courts have uniformly held the question of abandonment of
homestead to be one of fact. See Thomas v. Tyler, 6 S.W.2d 350, 351 (Tex. Comm'n App.
1928, judgm't adopted) (adopting the relevant portion of the court of civil appeals' opinion,
found at 297 S.W. 609, 611-12); Hollifield v. Hilton, 515 S.W.2d 717, 721 (Tex. Civ.
App.Fort Worth 1974, writ ref'd n.r.e.); Day v. Day, 421 S.W.2d 703, 705 (Tex. Civ.
App.Austin 1967, no writ); West Texas State Bank v. Helms, 326 S.W.2d 47, 48 (Tex. Civ.
App.Eastland 1959, no writ); Hix v. DePhillipi, 216 S.W.2d 643, 645 (Tex. Civ.
App.Galveston 1948, writ ref'd n.r.e.); Maury v. Mireles, 93 S.W.2d 1194, 1198 (Tex. Civ.
App.El Paso 1936, writ dism'd).



s"> Nonetheless, Michael asserts that his filing of an "application for residential
homestead exemption" represents a proper homestead designation and is controlling as to which
of the two residences is his homestead. We disagree. The filing of a designation of homestead
is relevant only to the issue of intent. Even assuming that such a designation is conclusive on that
issue, it does not eliminate the element of usage, either generally or as part of the requirement for
changing a homestead from one residence to another. See Caulley v. Caulley, 806 S.W.2d 795,
797 (Tex. 1991); Lasseter v. Blackwell, 227 S.W. 944, 944 (Tex. Comm'n App. 1921, judgm't
adopted); Davis v. Hawn Lumber Co., 193 S.W.2d 263, 265 (Tex. Civ. App.Dallas 1946, no
writ); Connelly v. Johnson, 259 S.W. 634, 636 (Tex. Civ. App.San Antonio 1924, no writ). 
"Many counties have a procedure for declaring property a residential homestead; this results in
lower taxes. This declaration may be evidence of the homeowner's intention, but does not
conclusively establish homestead status." J. Thomas Oldham, Texas Homestead Law 40 (1991).

 The cases relied on by Michael, which hold that a homeowner can be bound by a
homestead designation, involve the issue of estoppel. See Parrish v. Hawes, 66 S.W. 209, 211
(Tex. 1902); American State Bank & Trust Co. v. Johnston, 58 S.W.2d 880, 882 (Tex. Civ.
App.San Antonio 1933, writ ref'd). Since estoppel is not an issue in the present case, such cases
are inapplicable.




Conclusion


 We hold that Michael has not conclusively established the Lakeway residence to
be his homestead. In light of this holding, Diana's other points of error need not be addressed. 
We reverse the trial court's judgment and remand the cause to that court for further proceedings.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and B. A. Smith

Reversed and Remanded

Filed: December 20, 1995

Do Not Publish
1.   The applicable provisions of section 41.005 state:


(a) If a rural homestead of a family is part of one or more parcels containing
a total of more than 200 acres, the head of the family and, if married, that
person's spouse may voluntarily designate not more than 200 acres of the
property as the homestead. If a rural homestead of a single adult person, not
otherwise entitled to a homestead, is part of one or more parcels containing a
total of more than 100 acres, the person may voluntarily designate not more
than 100 acres of the property as the homestead.


(b) If an urban homestead of a family, or an urban homestead of a single
adult person not otherwise entitled to a homestead, is part of one or more lots
containing a total of more than one acre, the head of the family and, if
married, that person's spouse or the single adult person, as applicable, may
voluntarily designate not more than one acre of the property as the
homestead.


Tex. Prop. Code Ann. § 41.005(a), (b) (West Supp. 1996).
2.   We note that Texas courts have uniformly held the question of abandonment of
homestead to be one of fact. See Thomas v. Tyler, 6 S.W.2d 350, 351 (Tex. Comm'n App.
1928, judgm't adopted) (adopting the relevant portion of the court of civil appeals' opinion,
found at 297 S.W. 609, 611-12); Hollifield v. Hilton, 515 S.W.2d 717, 721 (Tex. Civ.
App.Fort Worth 1974, writ ref'd n.r.e.); Day v. Day, 421 S.W.2d 703, 705 (Tex. Civ.
App.Austin 1967, no writ); West Texas State Bank v. Helms, 326 S.W.2d 47, 48 (Tex. Civ.
App.Eastland 1959, no writ); Hix v. DePhillipi, 216 S.W.2d 643, 645 (Tex. Civ.
App.Galveston 1948, writ ref'd n.r.e.); Maury v. Mireles, 93 S.W.2d 1194, 1198 (Tex. Civ.
App.El Paso 1936, writ dism'd).



s"> Nonetheless, Michael asserts that his filing of an "application for residential
homestead exemption" represents a proper homestead designation and is controlling as to which
of the two residences is his homestead. We disagree. The filing of a designation of homestead
is relevant only to the issue of intent. Even assuming that such a designation is conclusive on that
issue, it does not eliminate the element of usage, either generally or as part of the requirement for
changing a homestead from one residence to another. See Caulley v. Caulley, 806 S.W.2d 795,
797 (Tex. 1991); Lasseter v. Blackwell, 227 S.W. 944, 944 (Tex. Comm'n App. 1921, judgm't
adopted); Davis v. Hawn Lumber Co., 193 S.W.2d 263, 265 (Tex. Civ. App.Dallas 1946, no
writ); Connelly v. Johnson, 259 S.W. 634, 636 (Tex. Civ. App.San Antonio 1924, no writ). 
"Many counties have a procedure for declaring property a residential homestead; this results in
lower taxes. This declaration may be evidence of the homeowner's intention, but does not
conclusively establish homestead status." J. Thomas Oldham, Texas Homestead Law 40 (1991).

 The cases relied on by Michael, which hold that a homeowner can be bound by a
homestead designation, involve the issue of estoppel. See Parrish v. Hawes, 66 S.W. 209, 211
(Tex. 1902); American State Bank & Trust Co. v. Johnston, 58 S.W.2d 880, 882 (Tex. Civ.
App.San Antonio 1933, writ ref'd). Since estoppel is not an issue in the present case, such cases
are inapplicable.




Conclusion


 We hold that Michael has not conclusively established the Lakeway residence to
be his homestead. In light of this holding, Diana's other points of error need not be addressed. 
We reverse the trial court's judgment and remand the cause to that court for further proceedings.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and B. A. Smith

Reversed and Remanded

Filed: December 20, 1995

Do Not Publish
1.   The applicable provisions of section 41.005 state: