## CABALLERO et ux. v. TAYLOR.
### (No. 7694.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 26, 1927.)

**1. Cancellation of instruments &cent;&rarr;37(6)—Petition to cancel oil and gas lease for fraud held good against general demurrer, under statute defining actionable fraud (Rev. St. 1925, art. 4004).**

Petition, in suit to cancel an oil and gas lease, alleging that complainant made the lease in reliance on a promise of defendant to convey certain land to him, which defendant refused to do, *held* good against a general demurrer, as alleging actionable fraud, under Rev. St. 1925, art. 4004.

**2. Frauds, statute of &cent;&rarr;119(2)—Statute held inapplicable to suit to cancel oil and gas lease fraudulently induced by parol promise to convey other land.**

Statute of frauds has no application 'to a suit to cancel an oil and gas lease because defendant had fraudulently induced execution of the lease by. fraudulently promising by parol to convey other land as consideration for the lease.

·Appeal from District Court, Duval County; Marshall Hicks, Special Judge.

Suit by Pedro Caballero and wife against J. M. Taylor. A general demurrer and special exceptions to the petition were sustained. Cause dismissed, and plaintiffs appeal. Reversed and remanded.

John D. Sutherland, of San Diego, and W. W. Winslow, of Laredo, for appellants.

James M. Taylor, of Corpus Christi, and Seabury, George & Taylor, of Brownsville, for appellee.

FLY, C. J. This is a suit instituted by Pedro Caballero and his wife, Modesta L. de Caballero, against James Taylor, in which it was sought to rescind and cancel an oil and gas lease on 1,020 acres of land in Duval county, being surveys 14, 21, 62, and 68. The court sustained a general demurrer and special exceptions to the petition and dismissed the cause, and appellee took a nonsuit in a cross-action filed by him. ‘

It was alleged in the third amended petition that in August, 1925, appellants entered into a parol agreement with the agents of appellee to the effect that in consideration of $300 cash and conveyance to appellants of a good merchantable title to 80 acres of land out of survey 21, abstract No. 774, grantee P. Caballero, in Duval county, appellants would deliver to appellee an oil and gas lease, for

---

&cent;&rarr;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

five years, on 1,020 acres of land in said county, consisting of five tracts. In August, 1925, appellee paid $300 to appellants and again 'promised to convey to them the 80 acres of land, and appellants executed to appellee what they believed to be an oil and gas lease, which was not legally acknowledged by appellant Modesta L. de Caballero, and the notary 'public who took the acknowledgment was not authorized so to do by reason of his interest in the lease, and appellee had failed to perform his part of the contract. It was alleged that the 80 acres of land was of the reasonable market value of $8,000 and that the promise to convey said land to appellants was the sole and only inducement to execute the lease. Appellants alleged that they could not read, write or speak the English language, and that the contents of the instrument purporting to have been a lease were not known to them, and that appellants did not execute same. The petition refers to a copy of a lease executed by them which is attached as an exhibit. ˑ ;

Appellee specially excepted to that part of the petition which assailed the lease on account of the privy acknowledgment of the wife not having been properly taken, for the reason that there was no allegation that the land was the separate estate of the wife or that any part of a 200-acre homestead of appellants was on said tract. The whole 1,020 acres could not have been a homestead and what part of it may have been set apart for homestead purposes did not appear.

[1] Through the first assignment of error it is claimed that the petition presents a good cause of action under the provisions of article 4004, Revised Statutes of 1925. It is provided in that article that—

"Actionable fraud in this state with regard to transactions in real estate or in stock in corporations or joint stock companies shall consist of either a false representation of a past or existing material fact, or false promise to do some act in the future which is made as a material inducement to another party to enter into a contract and but for which promise said party would not have entered into said contract."

In the first and second paragraphs of the petition it is alleged that a parol agreement was entered into by which appellee represented to appellants that, if they would give him a five-year lease on their land, he would pay them $300 in cash and convey to them 80 acres of land fully described; that thereafter the $300 cash was paid and a promise made to deliver a deed to the 80 acres of land within one week from the time the lease was signed, and "in pursuance of said agreement, and relying upon the promise so made by defendant to them, they executed and delivered to defendant what they believed to be and what was represented to them to be an oil and gas lease on said 1,020 acres of land." It was al-

leged that appellee failed and refused to perform the promise which induced the execution of the lease, and that appellants had ascertained that the lease they signed did not embody the terms thereof as agreed upon, which was unknown to appellants because they could not speak, read, or write the English language. The language of the petition seems to show "a false promise to do some act in the future which is made as a material inducement to another party to enter into a contract and but for which promise said party would not have entered into said contract." These allegations, in testing the petition when attacked by general demurrer, should be taken as true. There is an allegation that, if the deed was not made to the 80 acres of land, there should be a forfeiture of the $300 in cash paid by appellee. If that be true, a tender of that sum into court would not prevent a cancellation of the lease contract.

[2] This was not an action, as contended by appellee, to enforce a parol contract as to land, but an attempt to cancel a lease because appellee had fraudulently induced execution of the lease by fraudulently promising to convey 80 acres of land as a part consideration for the lease. Appellants do not seek to recover the 80 acres of land, and, consequently, the statute of frauds cannot be invoked.

The lease of the land is a contract as to land and clearly within the purview of article 4004, and the promise was made "as a material inducement" to appellants to execute the lease. The contract was performed on the part of appellants and appellee failed and refused to perform a promise that induced the contract. The petition was good as against a general demurrer and the special exceptions did not reach the vital part of the action that was instituted.

The judgment is reversed, and the cause remanded.