## MEADOWS v. RUSSELL et al.
### No. 6279.

Court of Civil Appeals of Texas. Texarkana.
May 29, 1947.

Ramey A. Smith, of Sulphur Springs, for appellant.

J. Benton Morgan, of Greenville, for appellees.

HARVEY, Justice.

Appellees sued appellant for a debt and foreclosure of an attachment lien on certain lands in Hopkins County, Texas. The case

was tried to the court without a jury and judgment rendered for the amount sued for and a foreclosure of the lien. No question is raised with respect to that portion of the judgment awarding a money judgment, but the points presented are that the foreclosure of the attachment lien was improperly granted because title was not in appellant at the time of the levy of the writ of attachment thereon and for the further reason that the land in question was the homestead of appellant.

It appears from the record herein that an aunt of appellant died December 22, 1943, and by her will she devised to appellant an undivided one-third interest in ninety-eight acres of land. The will was filed for probate December 30, 1943, and admitted to probate July 12, 1944. On May 8, 1944, this suit was filed and on the same date the writ of attachment was issued, levied and proper return made. The point made by appellant is that inasmuch as the will had not been admitted to probate on the date of the levy of the attachment writ, title had not vested in him but was in the executor of his aunt's estate and therefore the said attachment was ineffective and void.

At the time of the death of a testator or testatrix title to the estate devised immediately vests in the devisees or legatees, and any portion of the estate not passing under the will vests immediately in the heirs at law of the testator or testatrix. R.C.S. of Texas 1925, Art. 3314. Under this statute and under the precedents of this state title to the property passing under a will vests in the beneficiaries under such will immediately upon the death of the maker of the will, and not in the executor. Jones v. Gilliam, Tex.Civ.App., 199 S.W. 694; Smith v. Price, Tex.Civ.App., 230 S. W. 836; Roberts v. Carlisle, Tex.Civ.App., 4 S.W.2d 144. Of course it is true that if for any reason the will should be denied admission to probate, the title passing to the beneficiaries would fail, and the estate would be distributed under the laws of descent and distribution. It follows from what we have said that the title to the one-third interest in the 98 acres vested in appellant at the time of the death of the testatrix and the passing of title was not deferred until the date of the order admitting the will to probate. The lien created by the levy of the writ of attachment on such land as a consequence was enforceable. The rule that property in custodia legis is not subject to attachment is recognized, but it is not applicable in this state of facts.

The court properly ruled that the real estate in question was not the homestead of appellant and not exempt from the payment of his debts. It was stipulated by the parties to this suit that the appellant Meadows never lived on the land, nor on any part of it; never had any improvements thereon nor cultivated it at any time, and did no acts with respect to making it a homestead other than his claim that it was a homestead. The appellant was a married man with a family and owned no other real estate. He testified that he intended to have his one-third interest set off to him but took no steps to have it done. This case was tried in November, 1946, and during the period from the death of his aunt until the trial he had done nothing to evidence his claim that the land was his homestead (appellees state in their brief that appellant testified he had decided to sell his interest and had made a deed to it after the levy of the writ of attachment, but we do not find this in the record).

A claim of homestead cannot be founded upon an intention only, but it is requisite that the intention must be accompanied by some act or preparation evidencing the intent to appropriate the premises as a homestead within a reasonable time after it has been acquired. During the period from the death of the testatrix until the date of the trial about three years later, appellant had done nothing to carry out his claim that the land was his homestead and had performed no act indicative of such an intention. Under the facts recited we are of the opinion that the appellant failed to establish his claim of homestead and bring himself within the purview of our homestead statute. Tex.Jur., Vol. 22, Sec. 35, page 57; Benzel v. Commercial National Bank, Tex.Civ.App., 1 S.W.2d 695; Lasseter v. Blackwell, Tex.Com.App., 227 S.W. 944; L. E. Whitham & Co. v. Briggs, Tex. Com.App., 58 S.W.2d 49.

The judgment of the trial court is affirmed.