Oran A. ROWE et al., Appellants,

v.

Olive PALMER et vir, Appellees.

No. 6794.

Court of Civil Appeals of Texas.

Texarkana.

March 24, 1955.

Rehearing Denied April 21, 1955.

Johnson & Hathaway, Tyler, for appellants.

Truman Warren, Tyler, for appellees.

FANNING, Justice.

Oran A. Rowe and his brother, Powdrill J. Rowe, sued for alleged breach of an oral agreement by their sister, defendant Olive Palmer, to share the estate of Elnora Cole Hyde, deceased, their aunt, equally with plaintiffs, and sued for an accounting, and alternatively for damages for alleged breach of contract to convey two-thirds of the personal estate of Elnora Cole Hyde. The alleged agreement was made after the death of their aunt and prior to discovery and probate of her will, which will bequeathed all of the aunt's estate to defendant Olive Palmer, except for a $50 bequest.

Defendants Olive Palmer and her husband, W. H. Palmer, denied the alleged oral agreement and pleaded specifically that same was inhibited by Articles 3995 (statute of frauds), 3998 (statute on gifts), 7425b–7 (statute of trust), and 1288 (statute on conveyances), V.A.C.S.

In response to special issues the jury found that plaintiffs and defendants agreed that plaintiffs and defendant Olive Palmer agreed to share the estate of Mrs. Hyde equally, that such agreement was entered into before the will was found, that plaintiffs and Olive Palmer worked together and co-operated to procure a settlement of the controversy between them and the surviving husband of their aunt, and that plaintiffs and Olive Palmer acted jointly in settling the affairs and ascertaining and paying all debts of the estate of their aunt. The trial court overruled plaintiffs' amended motion for judgment and granted defendants' motion for judgment non ob-

stante veredicto. Oran A. Rowe and Powdrill J. Rowe have appealed.

Appellants contend that the facts in this case warrant as a matter of law the imposition of a constructive trust and that the trial court erred in not rendering judgment for them (on the jury verdict) for two-thirds of the estate, both real and personal, of Elnora Cole Hyde, deceased.

Mrs. Hyde died on September 20, 1950. Her only surviving heirs at law were her surviving husband, Kendrick Hyde, plaintiffs, her nephews, and her niece, defendant Olive Palmer. There was testimony from plaintiffs and attorney Upchurch (who probated the will) to the effect that on the afternoon after the burial of Mrs. Hyde, plaintiffs and defendants agreed that since they did not know whether Mrs. Hyde had left a will and did not know who would benefit by such will, they would all share the estate equally and divide the same among themselves, etc. The property in question was the separate property of Mrs. Hyde, who was 70 years old at the time of her death, and whose husband was 30 to 35 years old, to whom she had been married about a year prior to her death. There was testimony from plaintiffs to the effect that the surviving husband expressed hostility and that the parties agreed "to stick together" to prevent the surviving husband "from unjustly grabbing the property." A search for the will was made and it was found. There was testimony from plaintiffs and Upchurch to the effect that the parties agreed to probate the will, using Upchurch as attorney, to facilitate the passage of title and to eliminate the surviving husband from sharing in the estate. It was filed for probate on September 25, 1950, and was duly probated on October 9, 1950, and this will was never contested by anyone. On October 11, 1950, Olive Palmer, as executrix, drew three checks for $1000 each in favor of plaintiffs and herself. There was also testimony from plaintiffs with reference to purchase of account books for the estate by the parties, etc., and to the effect that the parties went around together when the various creditors of the estate were paid.

Plaintiffs and attorney Upchurch also testified that Olive Palmer and her husband had orally agreed to sign a deed in favor of plaintiffs to two-thirds of the property, and that such a deed was presented to defendants, but defendants did not sign it. Defendants vigorously denied the alleged oral agreement in toto and the record shows that they never did execute the deed which was proffered to them. The record also reveals that defendant Olive Palmer received a quit-claim deed from Hyde, the surviving husband of Mrs. Hyde, for his right, title and interest to the estate (and specifically including any homestead interest) for a consideration of $1,500 paid from the assets of the estate. This quit-claim deed was executed on December 13, 1950, was executed solely in favor of Olive Palmer and the plaintiffs were not named therein. Plaintiffs also testified to the effect that the parties cooperated and worked together in securing such quit-claim deed and settlement with the surviving husband. The testimony of plaintiffs and attorney Upchurch was sharply in conflict with the testimony of defendants on the alleged agreement. There was also other testimony, pro and con, from the parties and from other witnesses, which is in the record.

Prior to the enactment of Section 7 of Article 7425b, V.A.C.S., express parol trusts could be engrafted upon a deed absolute on its face. However, as the law now exists an express parol trust can not be enforced but a constructive or resulting trust is not inhibited by said article. Fitz-Gerald v. Hull, 150 Tex. 39, 237 S.W.2d 256; Klein v. Sibley, Tex.Civ.App., 203 S.W.2d 239; Mills v. Gray, 147 Tex. 33, 210 S.W.2d 985; Edwards v. Strong, 147 Tex. 155, 213 S.W.2d 979; Tolle v. Sawtelle, Tex.Civ.App., 246 S.W.2d 916.

The Supreme Court of Texas in the case of Fitz-Gerald v. Hull, supra, holds that under the facts in that case where a person agrees with another to purchase property on behalf of the other and instead purchases the property for himself individually that he holds it upon a construc-

tive trust for the other, even though he is not under a duty to purchase for the other. For a full definition of the term "constructive trust" and for a full discussion of the law generally with reference to constructive trusts we respectfully refer to the Fitz-Gerald v. Hull case, supra, and authorities there cited.

Section 13a (New) (Trusts), Parol Trust in Lands, Vol. 9, Tex.Jur. 10-Year Supp. pp. 459-460, reads as follows:

> "That portion of the English Act for the Prevention of Frauds and Perjuries declaring that all trusts in land must be evidenced by writing signed by the party declaring the trust was not included in our statute of frauds. Therefore, such trusts may be proven by parol in Texas. There are two essentials for the creation of a valid parol trust in land: First, that a person having title conveys, or contracts in writing to convey, title to another, second, that the person to whom the title is conveyed *agrees before or at the time the title is acquired* to take or hold title for the benefit of the grantor or another. Thus a parol trust may be established by showing that *prior to or at the time of the conveyance of land* from a grantor to the trustee there was an agreement between the parties that the trustee would hold the title in trust, or by showing that *prior to or contemporaneously* with the conveyance the trustee agreed with the beneficiary to hold title in trust for him, and by further proving that the beneficiary either paid or agreed to pay a part of the consideration. So, also, a valid trust may be created by an oral agreement to buy in land at a sale and to hold title for another, or by a conveyance by a husband and wife to their children under an oral agreement that the property will be held in trust for the benefit of the mother. *However, in order to be valid a parol trust in realty must be based upon a binding agreement made in advance of the acquisition of title.* An enforceable parol trust may not be created in real property *which is already owned by the trustor."* (Emphasis added.)

◼ It is clear that the title to the property in question vested in Olive Palmer *upon the death of her aunt*, Mrs. Hyde. Art. 3314, V.A.C.S.; 44 Tex.Jur. p. 779; White v. White, 142 Tex. 499, 179 S.W.2d 503; Long v. Shelton, Tex.Civ.App., 155 S.W. 945; Meadows v. Russell, Tex.Civ. App., 203 S.W.2d 647. In Long v. Shelton, supra, it is stated [155 S.W. 948]:

> "An estate by devise takes effect immediately upon the death of the testator unless otherwise directed, and the property then passes to the devisee. * * * A domestic will cannot be used as evidence of title till it has been probated. * * * *But, when it has been probated, the title of the devisee relates back to the death of the testator, and becomes effective from that date."* (Emphasis added.)

In Meadows v. Russell, supra, it is stated [203 S.W.2d 648]:

> "At the time of the death of a testator or testatrix title to the estate devised immediately vests in the devisees or legatees, and any portion of the estate not passing under the will vests immediately in the heirs at law of the testator or testatrix. R.C.S. of Texas 1925, Art. 3314. Under this statute and under the precedents of this state title to the property passing under a will vests in the beneficiaries under such will immediately upon the death of the maker of the will, and not in the executor. Jones v. Gilliam, Tex.Civ. App., 199 S.W. 694; Smith v. Price, Tex.Civ.App., 230 S.W. 836; Roberts v. Carlisle, Tex.Civ.App., 4 S.W.2d 144. Of course it is true that if for any reason the will should be denied admission to probate, the title passing to the beneficiaries would fail, and the estate would be distributed under the laws of descent and distribution. *It follows from what we have said that the title to the one-third interest in*

*the 98 acres vested in appellant at the time of the death of the testatrix and the passing of title was not deferred until the date of the order admitting the will to probate."* (Emphasis added.)

Since the title to the property in question vested in defendant Olive Palmer upon the death of her aunt under her aunt's will, *before* the alleged parol agreement was made, it is our opinion that under the facts in this case no constructive trust was created nor can be imposed, and that the alleged oral agreement (insofar as real property of the estate is involved) was inhibited by the Statute of Frauds (Art. 3995), the Statute on Trusts (Art. 7425b–7) and the Statute on Conveyances (Art. 1288), in that there was no written agreement or memorandum thereof alleged or proved. See the following authorities: Sec. 12a, Vol. 9, Tex.Jur. 10-Year Supp. pp. 459–460; Tolle v. Sawtelle, Tex.Civ.App., 246 S.W.2d 916; Jones v. Siler, 129 Tex. 18, 100 S.W.2d 352; Allen v. Allen, 101 Tex. 362, 107 S.W. 528; Klein v. Sibley, Tex.Civ.App., 203 S.W.2d 239; Faville v. Robinson, 111 Tex. 48, 227 S.W. 938; Clayton v. Ancell, 140 Tex. 441, 168 S.W.2d 230; Lockhart v. Williams, 144 Tex. 553, 192 S.W.2d 146.

In the Fitz-Gerald v. Hull case, supra, the agreement was for defendant to purchase the oil and gas lease in the name of plaintiffs and defendant, which agreement was *before* the lease was purchased by defendant in his own name. The alleged agreement in the Mills v. Gray case was made *before* title vested. And in the Edwards v. Strong case, supra, the oral agreement was made *before* title vested. The facts in the Fitz-Gerald, Mills and Edwards cases, where constructive trusts were involved, are clearly distinguishable from the facts involved in the case at bar, because the alleged oral agreement in the case at bar was made *after* title had already vested in defendant Olive Palmer and such an oral agreement (insofar as it affects real estate) was one to convey realty or to hold it in trust and is clearly inhibited by Articles 1288, 3995, and 7425-b–7, V.A.C.S. We think there are also other distinguishing features between the case at bar and the Fitz-Gerald, Mills and Edwards cases, but we think the salient distinguishing feature above pointed out is amply sufficient to clearly distinguish the facts in said cases from the facts in the case at bar.

There was also no deed, will or other written instrument conveying to plaintiffs the personal property in question and the personal property sued for by plaintiffs was never delivered to or placed in the possession of plaintiffs. Art. 3998, V.A.C.S., provides: "No gift of any goods or chattels shall be valid unless by deed or will, duly acknowledged or proven up and recorded, or unless actual possession shall have come to, and remained with, the donee or someone claiming under him." Since the title to the personal property owned by Mrs. Hyde vested at her death in defendant Olive Palmer, the oral agreement in question, if any, (insofar as it affected personal property) was invalid under Art. 3998, supra.

All of appellants' points are respectfully overruled. The judgment of the trial court is affirmed.

Affirmed.