**G. Wayne RAY, Independently and as Executor of the Estate of William Chester Polsgrove**

v.

**Jacqueline L. RIDER.**

**Civ. A. No. S–85–13–CA.**

United States District Court, E.D. Texas, Sherman Division.

Dec. 10, 1986.

Dean Martin, Kennedy, Minshew, Campbell, Cain & Seidlits, Sherman, Tex., for plaintiff.

John D. Hill, Brown, Hill & Ellis, Sherman, Tex., for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

On October 15, 1968, William Chester Polsgrove and his wife, Lois Ellen Polsgrove, executed a joint and mutual will. Each of those parties had prior marriages, and each had one child by such prior marriage. G. Wayne Ray, plaintiff, was the son of Lois Ellen (Ray) Polsgrove, and Jacqueline L. (Polsgrove) Rider, defendant, the daughter of William Chester Polsgrove.

On March 13, 1981, Mrs. Polsgrove died, the will providing for disposition of her estate in Paragraph 2:

In case either of the undersigned testators shall survive the other, then upon the death of that one of the testators who shall first pass away, the said testator does hereby give, devise and bequeath to the survivor all property of which the deceased may die seized or possessed, whether the same be real, personal or mixed, and regardless of where the same may be situated, and appoints the survivor as the executor or executrix, as the case may be, of the Estate of the Decedent, and directs that said survivor be permitted to act in said capacity without bond.

Upon Mrs. Polsgrove's death, Mr. Polsgrove did not probate the will, but exercised dominion and control over her entire estate, namely $80,000, which was presumptively all community property. Section 37 of the Texas Probate Code provides, when a person dies leaving a lawful will, all of his estate devised or bequeathed by such will, and all powers of appointment granted in such will shall vest immediately. *See also, Rowe v. Palmer*, 277 S.W.2d 781, at p. 784, where it was held that a will could not be used as evidence of title until the will had been admitted to probate, but that once it was probated, the title of the devisee related back to the death of the testator, and became effective from that date, citing *Long v. Shelton*, 155 S.W. 945.

Thus, had someone contested Mr. Polsgrove's exercise of the dominion and control over the estate of his wife, he could have probated the will and established absolute title to all of the property contained in that estate. Moreover, when the 1968 will was probated in January 1984, after Mr. Polsgrove's death, it then established title in the late Mr. Polsgrove as of the date Mrs. Polsgrove predeceased her husband, March 13, 1981.

As the defendant properly points out, the joint and mutual will controlled the rights and duties of Mr. Polsgrove with respect to the disposition of the property at his death. The will placed no restriction on Mr. Polsgrove with regard to the method of control or disposition of any property which he inherited from Mrs. Polsgrove during his lifetime. Since the will was a joint and mutual will, the parties could have placed many restrictions and conditions regarding disposition of the property which they inherited prior to the survivor's death.

As noted, at the time of Mrs. Polsgrove's death in 1981, there existed $80,000 in eight $10,000 money market certificates, four in Mr. Polsgrove's name as Trustee for Mrs. Polsgrove, and four in Mrs. Polsgrove's name as Trustee for Mr. Polsgrove.

Some time after Mrs. Polsgrove's death, Mr. Polsgrove placed the $80,000 in trust accounts at Texoma Savings Association, as a trustee for the defendant, Jacqueline L. Rider, beneficiary. Upon Mr. Polsgrove's death, Jacqueline L. Rider with-

drew the money, totaling $83,667.69. It is this $83,667.69, or one-half thereof, which the plaintiff seeks to recover.

Section 436, subsection 14, of the *Texas Probate Code*, defines trust account as follows:

> Trust account means an account in the name of one or more parties as trustee for one or more beneficiaries where the relationship is established by the form of the account and the deposit agreement with the financial institution. . . .

The four trust accounts in which William Chester Polsgrove acted as trustee for Jacqueline L. Rider clearly fit within the definition of Chapter 9 of the *Texas Probate Code*, Section 436, Subsection 14. Section 439, Subsection (c) of the same chapter provides:

> If the account is a trust account, on the death of the trustee or of the survivor of two or more trustees, any sums remaining on deposit belong to the person or persons named as beneficiaries, if surviving . . .

Thus, upon William Chester Polsgrove's death, Jacqueline L. Rider, the named beneficiary, was entitled to the money in such accounts at Texoma Savings Association in Sherman, Texas. Thus, when Mrs. Rider withdrew the $83,667.69, such withdrawal was lawful, and did not constitute a testamentary transfer. As Section 441 of the *Texas Probate Code* provides:

> Transfers resulting from the application of § 439 of this Code are effected by reason of the account contracts involved in this statute, and are not to be construed as testamentary, or subject to testamentary provisions of this code.

The will placed no restriction upon Mr. and Mrs. Polsgrove in the event one survived the other, except that upon the death of the first of them, the survivor would be bound with the disposition plan contained in the will. This is true with any joint and mutual will. At the time of his death, Mr. Polsgrove had legally placed in trust $80,000, and in effect withdrawn the money from the confines of the will. Such actions were within his legal rights under the will,

and no cause of action accrues therefrom against Mrs. Rider for withdrawing the money from the trust accounts as a beneficiary under those accounts.

There was no count or cause of action filed for the imposition of a constructive trust, so the court does not reach the propriety of the defendant's actions in withdrawing the $80,000 in community funds which her father placed in the certificates of deposit.

Therefore, all premises considered, the plaintiff's complaint is hereby DISMISSED with prejudice.