ESTATE OF CORINNE ALLEN SHEPHERD, DECEASED, CHARLES SHEPHERD, INDEPENDENT EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Shepherd v. Commissioner
Docket No. 8873-88
United States Tax Court
T.C. Memo 1989-610; 1989 Tax Ct. Memo LEXIS 610; 58 T.C.M. (CCH) 671; T.C.M. (RIA) 89610; November 9, 1989
Bryan Healer, for the petitioner. Shelley D. Turner, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency of $ 12,164.64 in the Federal estate taxes of the Estate of Corinne Allen Shepherd (decedent). After concessions, the sole issue for decision is whether the property interest passing to decedent's surviving spouse is a terminable interest and therefore does not qualify for the marital deduction. All of the facts have been stipulated, and the stipulation of facts and the attached exhibits are incorporated herein by reference. Decedent died testate on May 11, 1985, a resident of Texas. Decedent's will was filed with the County Clerk, Coleman County, Texas, on May 16, 1985, and was admitted to probate on May 28, 1985. She was survived by her *612 spouse, Charles Shepherd who was appointed independent executor by the will. Charles Shepherd maintained his legal residence in Coleman, Texas, at the time of the filing of the petition herein. Decedent's will provided in part: III
I do hereby give, devise and bequeath all of my property, both real, personal and mixed, community and separate and wherever located, unto my husband, Charles Shepherd, in fee simple. IV In the event that I should die in the same common accident or disaster with my husband, Charles Shepherd, or should the said Charles Shepherd predecease me or die before this will is admitted to probate, then in such events I give, devise, and bequeath all of my property, both real, personal and mixed, community and separate, and wherever located in equal shares as follows: (a) To my daughter, Kathleen Ann Adams, an undivided one-half (1/2) interest. (b) To my son, Charles Douglas Shepherd, an undivided one-half (1/2) interest. It is only in the event that my husband should predecease me, or in the event that we should die in the same accident or disaster or in the further event that he should die before this will is admitted to probate, that I devise *613 any portion of my estate to anyone except my husband. V I appoint my husband, Charles Shepherd, as Independent Executor of this my last will and testament, and I direct that no bond or other form of security shall ever be required of him to act in such capacity. In the event that my husband should predecease me or should he die before this will is admitted to probate, or should he fail to qualify or become unable to act as Executor, I appoint my son, Charles Douglas Shepherd, as Independent Executor, and my daughter, Kathleen Ann Adams, as Independent Executrix, of this my last will and testament and direct that no bond or other form of security shall ever be required of either of said parties to act in such capacity. [Emphasis supplied.] A marital deduction of $ 504,317.60 was claimed on the Federal estate tax return. Respondent disallowed the deduction on the ground that the interest of Charles Shepherd, as the surviving spouse, is a terminable interest as defined in section 2056. [1] Under certain circumstances, section 2056 allows a deduction from the gross estate for the value of property passing to the surviving spouse. Sec. 2056(a). If the spouse's interest in *614 the property is a terminable interest, that is, it will terminate either on the lapse of time (for example, a life estate) or on the occurrence or nonoccurrence of a event, generally no deduction is allowed. Sec. 2056(b)(1). Section 2056(b)(3) provides an exception to the terminable interest rule if the interest passing to the surviving spouse is terminable only because the interest is conditioned on the spouse's survival for a period not to exceed 6 months from the date of decedent's death, or the survival of a common disaster, and the termination or failure does not in fact occur. Qualification for the marital deduction must be determined as of the time of the death, Jackson v. United States, 376 U.S. 503, 508 (1964), subject to the exception provided by section 2056(b)(3). Thus, the fact that Charles Shepherd survived until the will was admitted to probate is not determinative of the question presented. The nature of an interest in property is a matter *615 of State law, and therefore we look to Texas law to determine whether the disposition to Charles Shepherd under Article IV of decedent's will might have terminated or failed more than 6 months after the decedent's death. See Estate of Harmon v. Commissioner, 84 T.C. 329, 333 (1985). In making this determination, we are bound by the decisions of the Supreme Court of Texas with proper regard to relevant rulings of inferior courts of the State. Commissioner v. Estate of Bosch, 387 U.S. 456, 465 (1967). Under Texas law, a will can be admitted to probate at anytime within 4 years after death. See Texas Probate Code Ann. sec. 73 (Vernon 1980). Consequently, the possibility existed at the time of decedent's death that the will might have been admitted to probate beyond the 6-month exception to the terminable interest rule contained in section 2056(b)(3) and that the surviving spouse's interest might have terminated and passed to someone else at a point of time thereafter. We find nothing in Texas statutory or case law which permits us to conclude that the interest of Charles Shepherd, as surviving spouse, was not conditional *616 on his survival until the will was admitted to probate. Certainly, the clear and unambiguous language of the will is to that effect. Such being the case, that language controls in accordance with the principle that the intention of the testator, as so expressed, is "the single most important factor in construing a will." Kelley v. Marlin, 714 S.W. 2d 303, 305 (Tex. 1986). See also Jones v. Walter, 436 S.W.2d 130 (Tex. 1968), where the Supreme Court of Texas indicates that survival until a will is offered for probate makes a testamentary disposition conditional. The fact that Texas law favors early vesting in devisees or legatees does not affect this conclusion. Texas Probate Code Ann. sec. 37 (Vernon Supp. 1989); [2]Rowe v. Palmer, 277 S.W.2d 781, 784 (Tex. Civ. App. 1955). *617 We are satisfied that, under Texas law, the probate of a will has substantive significance and cannot be considered as merely a ministerial act or a method of perfecting title. See Texas Probate Code Ann. sec. 94 (Vernon 1980); [3]Meadows v. Russell, 203 S.W.2d 647, 648 (Tex. Civ. App. 1947), where the court indicates that title fails if a will is denied probate. Compare Estate of Mackie v. Commissioner, 64 T.C. 308 (1975), affd. per curiam 545 F.2d 308 (4th Cir. 1977). Nor does the fact that Charles Shepherd was the sole beneficiary under the will and was constituted an "independent executor" with broad powers avoid the requirement of probate. Texas Probate Code Ann. sec. 145 (Vernon 1980); see Corpus Christi Bank and Trust v. Alice National Bank, 444 S.W.2d 632, 634 (Tex. 1969); Harper v. Swoveland, 591 S.W.2d 629, 630 (Tex. Civ. App. 1979); Podgoursky v. Frost, 394 S.W.2d 185 (Tex. Civ. App. 1965). Cf. Faris v. Faris, 138 S.W.2d 830 (Tex. Civ. App. 1940). *618 We conclude that, under Texas law, the interest of Charles Shepherd, as surviving spouse, was conditional upon his survival until the will was admitted to probate and therefore does not qualify for the marital deduction. Our conclusion is directly supported by other cases, involving other states, in which the courts have denied the marital deduction where the possibility existed under State law that the date of probate of a will could occur after the expiration of the 6-month exception to the terminable interest rule contained in section 2056(b)(3). See Estate of Fried v. Commissioner, 445 F.2d 979 (2d Cir. 1971), affg. 54 T.C. 805 (1970); Hansen v. Vinal, 413 F.2d 882 (8th Cir. 1969); Silvey v. United States, 265 F. Supp. 235 (N.D. Ala. 1966). To reflect the concessions of the parties, Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code as amended and in effect as of the date of decedent's death, and any reference to a Rule is to the Tax Court Rules of Practice and Procedure.↩
2. That section provides: When a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will, and all powers of appointment granted in such will, shall vest immediately in the devisees or legatees of such estate and the donees of such powers; and all the estate of such person, not devised or bequeathed, shall vest immediately in his heirs at law; subject, however, to the payment of the debts of the testator or intestate, except such as is exempted by law * * * [Texas Probate Code Ann. sec. 37↩ (Vernon Supp. 1989); emphasis supplied.]
3. That section provides: Except as hereinafter provided with respect to foreign wills, no will shall be effectual for the purpose of proving title to, or the right to the possession of, any real or personal property disposed of by the will, until such will has been admitted to probate. [Texas Probate Code Ann. sec. 94↩ (Vernon 1980).]